UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DANIEL CARL ERNST, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 15-305-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden,[1] | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Inmate Daniel Ernst is currently confined by the Bureau of Prisons at the Federal Medical Center in Lexington, Kentucky. Ernst has filed an original and amended *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record Nos. 1 and 2] in which he challenges his federal drug and firearm conviction. Because a § 2241 petition is not the proper vehicle for obtaining the relief sought, Ernst's petition will be denied.

**I.**

In September 2010, Ernst was indicted by a federal grand jury in Eugene, Oregon and charged with certain firearm and drug offenses. *United States v. Daniel Carl Ernst*, No. 6:10-CR-60109-AA-1 (D. Ore., 2010). [Record Nos. 1 and 2, therein] Two superseding indictments were filed on July 20, 2011. [Record Nos. 23 and 24, therein] In November 2013, the criminal case proceeded to jury trial. However, after completing *voir dire*, Ernst

---

[1] Ernst has identified Deborah Hickey as the Warden of FMC-Lexington and Respondent to this proceeding, but the Court takes judicial notice of the fact that the current Warden of FMC-Lexington is Francisco Quintana. Accordingly, the Clerk of the Court will be directed to terminate Deborah Hickey as the Respondent, and substitute Francisco Quintana as the Respondent on the CM/ECF cover sheet.

waived his right to a trial by jury and agreed to trial by the court. Thereafter, the district court found Ernst guilty of the drug and firearm offenses. *See id*., Minutes of Proceeding (November 19, 2013).

The district court sentenced Ernst to a 180-month term of incarceration. [*Id*., Record No. 256, p. 2, therein] Ernst appealed the district court's determination, but the United States Court of Appeals for the Ninth Circuit affirmed his conviction. [*Id*., Record No. 287-1, therein; *United States v. Daniel Carl Ernst*,--- F. App'x---,2015 WL 7421960 (9th Cir. 2015)] On December 1, 2015, the mandate issued, but on December 2, 2015, the Ninth Circuit granted Ernst's unopposed motion to recall and stay the mandate. Ernst was given until January 4, 2016, to file a motion for rehearing *en banc*. [*Id*., Record No. 288, therein] Thus, Ernst's direct appeal remains pending.

In his § 2241 petition and amended petition, Ernst alleges that federal officials who prosecuted him, including the members of the Grand Jury: (i) violated several provisions of the United States Constitution and several Oregon statutes; (ii) were not qualified to prosecute him because they did not have "a bond to back up their fiduciary responsibility," [Record No. 1, p. 3] and; (iii) did not take a proper oath of office. Ernst also asserts that the indictment and arrest warrant issued against him were constitutionally defective because they were not issued by officials who had properly sworn an oath of office.

**II.**

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the

-2-

United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). However, because Ernst is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007)  At this stage of the proceedings, the Court accepts Ernst's factual allegations as true and liberally construes his legal claims in his favor.

### III.

Ernst is seeking to challenge the legality of his underlying drug and firearm conviction, alleging that his state and federal constitutional rights were violated. However, § 2241 is not the mechanism for raising these claims. Instead, 28 U.S.C. § 2255(a) provides the correct mechanism for a federal prisoner to challenge his conviction and sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section § 2255 is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-CV-36, 2010 WL 3283018, at *6 (E. D. Tenn. Aug. 17, 2010). A petitioner may challenge the legality of his conviction through a § 2241 petition only if his or her remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e).

Furthermore, it is premature for Ernst to pursue claims in this Court under § 2241 because his direct criminal appeal is currently pending before the Ninth Circuit. Absent extraordinary circumstances, a district court may not entertain a collateral challenge brought under § 2255 while a direct appeal of a defendant's criminal conviction is pending. *Smith v. United States*, 89 F.3d 835 (6th Cir. 1996) (unpublished) (noting that the "well established

general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending.") (quoting *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993)); *Sargent v. United States*, 19 F.3d 1434, 1994 WL 83324, at *1 (6th Cir. March 15, 1994) (Table) (holding that district court properly denied the petitioner's § 2255 motion as premature where his appeal was pending when he filed his § 2255 motion).

This Court has rejected premature petitions filed pursuant to § 2241 under similar circumstances. In *Heard v. Withers*, No. 5:13-CV-107-KKC, 2013 WL 3984514 (E. D. Ky. Aug. 2, 2013). The Court denied Heard's § 2241 petition as premature, adhering to the concepts set forth in *Smith* that, absent extraordinary circumstances, a federal prisoner must first complete the direct appeal process, and then, if necessary, file a motion seeking relief under § 2255 in the district court where he was convicted. However, a challenge brought under § 2241 while a direct appeal of a criminal conviction is pending cannot be entertained. *Heard*, 2013 WL 3984514, at *2. *See also*, *Denton v. U.S. Atty. Gen.*, No. 6: 12–219–DCR, 2012 WL 5450034, at *1 (E. D. Ky. Nov. 7, 2012). A similar conclusion is mandated here.

### IV.

Accordingly, for the reasons discussed above, it is hereby

**ORDERED** that

1. The Clerk of the Court shall **TERMINATE** Deborah Hickey as the Respondent and **SUBSTITUTE** Francisco Quintana as the Respondent on the CM/ECF cover sheet.

2. Daniel Carl Ernst's original and amended petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [Record Nos. 1 and 2], are **DENIED**.

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket. Judgment will be entered in favor of the Respondent.

This 23rd day of December, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge